1  DAVID D. PIPER, CASB No. 179889
   david.piper@kyl.com
2  KIRSTIN ERICSON ELLIS, CASB No. 279185
   kirstin.ericson@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  400 Oceangate
   Long Beach, California  90802
5  Telephone:  (562) 436-2000
   Facsimile:   (562) 436-7416
6
7  Attorneys for Defendant
   JPMORGAN CHASE BANK, N.A. as the
8  acquirer of assets and certain liabilities of
   Washington Mutual Bank from the Federal
9  Deposit Insurance Corporation acting as
   receiver
10
11
12                      **UNITED STATES DISTRICT COURT**
13                      **SOUTHERN DISTRICT OF CALIFORNIA**
14

| | | |
|---|---|---|
| 15 | ISKANDER, ISSAC;<br>ISKANDER, KATHY L., | ) Case No. 3:14-cv-02941-CAB-BLM<br>) |
| 16 | | ) **DEFENDANT JPMORGAN CHASE** |
| 17 | Plaintiffs, | ) **BANK, N.A.'S MEMORANDUM OF**<br>) **POINTS AND AUTHORITIES IN** |
| 18 | vs. | ) **SUPPORT OF ITS MOTION TO**<br>) **DISMISS PURSUANT TO FEDERAL** |
| 19 | WASHINGTON MUTUAL BANK, FA,<br>A FEDERAL ASSOCIATION; JP | ) **RULE OF CIVIL PROCEDURE**<br>) **12(B)(6)** |
| 20 | MORGAN CHASE BANK, NATIONAL<br>ASSOCIATION; | )<br>) Date:     January 23, 2015 |
| 21 | and "all person or entities unknown,<br>claiming any legal or equitable right, title, | ) Time:    2:30 p.m.<br>) Place:    Courtroom 4C |
| 22 | estate, lien or interest in the property<br>described in this Complaint adverse to | ) |
| 23 | Plaintiff's title, or any cloud upon<br>Plaintiff's title there"; and Does 1 - 25, | ) |
| 24 | | ) |
| 25 | Defendants. | )<br>) |
| 26 | | ) |
| 27 | | |
| 28 | /// | |

# I.
# **INTRODUCTION**

This is the second time Plaintiffs ISSAC ISKANDER and KATHY L. ISKANDER ("Plaintiffs") have brought a complaint attempting to improperly extinguish a debt secured against real property located at 5530 Waring Road, San Diego, California 92120 (the "Subject Property"). Plaintiffs' complaint should be dismissed and Defendant JPMorgan Chase Bank, N.A. as the acquirer of assets and certain liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as Receiver ("Defendant" or "Chase") should be permitted to move forward with its rightful foreclosure process.

On September 29, 2005, Plaintiffs obtained a residential loan in the amount of $279,000.00 ("Loan") secured by a deed of trust encumbering the Subject Property ("DOT"). (Concurrently filed Request for Judicial Notice ("RJN"), Exh. 3.) Plaintiffs defaulted on their obligations under the Loan for the Subject Property and, as a result, a Notice of Default and Election to Sell was recorded on May 28, 2013. (RJN Exh. 8.)

On July 26, 2013, one of the Plaintiffs, Issac Iskander, initiated an action entitled *Issac Iskander vs. JP Morgan Chase, et al.*, Case No. 37-2013-00055036-CU-MC-CTL ("Prior Action") in the Superior Court of the State of California County of San Diego. (RJN Exh. 13.) The complaint in the Prior Action alleged a single cause of action for "Termination of Obligation (CC § 1485)" in which Plaintiff Issac Iskander attempted to improperly extinguish the debt underlying the Loan, claiming an unverified and uncashed check in the amount of $310.00 should relieve him from his duty to pay the remainder of the Loan. (RJN Exh. 13.) Chase filed a successful demurrer in that action, which was sustained without leave to amend. (RJN Exhs. 15–16.) The court entered judgment on the matter in favor of Chase and against Plaintiff Issac Iskander. (RJN Exhs. 17–18.)

///

1  On September 12, 2014, Plaintiffs filed the present action in the California Superior Court for the County of San Diego, which Defendant removed to this Court on December 12, 2014.

In Plaintiffs' Complaint, they seek an order quieting title to the Subject Property. Their claim, however, is barred by the doctrine of *res judicata*. The claim is additionally defective in other respects, and therefore the Complaint must be dismissed in its entirety.

## II.
## STATEMENT OF FACTS

In support of its Motion, Chase sets forth the following allegations from the Complaint and relevant judicially noticeable facts contained in the documents included in the RJN:

Title History:

- The real property that forms the subject of this dispute is the Subject Property. (*See* Compl., Attachment "1.")

- On or about September 23, 2005, Plaintiff obtained the Loan in the amount of $279,000.00 secured by the DOT encumbering the Subject Property. The DOT was recorded with the San Diego County Recorder's Office on September 29, 2005 as instrument number 2005-0844847 and lists Washington Mutual Bank, FA as Lender and California Reconveyance Company ("CRC") as Trustee. (RJN Exh. 3.)

- After Plaintiffs failed to meet their obligations under the Loan, Chase caused a Notice of Default and Election to Sell and Declaration of Compliance with California Civil Code section 2923.5 ("NOD") to be recorded on May 28, 2013 with the San Diego County Recorder's Office as instrument number 2013-0330301. The NOD confirms that the Loan was $14,369.01 in arrears as of May 23, 2013. (RJN Exh. 8.)

///

- On March 4, 2013, Chase caused to be recorded a Corporate Assignment of Deed of Trust ("Assignment") with the San Diego County Recorder's Offices as instrument number 2013-0138917). The Assignment assigns all rights under the DOT to Chase. (RJN Exh. 7.)
- On September 11, 2013, Chase caused to be recorded a Notice of Trustee's Sale ("NOS1") with the San Diego County Recorder's Office as instrument number 2013-0560610. The NOS1 confirmed that the total amount of unpaid obligation was $332,894.40 as of September 9, 2013. (RJN Exh. 9.)
- On January 16, 2014, Chase executed a Substitution of Trustee ("SOT") substituting ALAW as Trustee on the DOT. The SOT was recorded on January 30, 2014 with the San Diego County Recorder's Office as instrument number 2014-0040700. A copy of the SOT was mailed to Plaintiff prior to its recordation in compliance with California Civil Code section 2924a(b). (RJN Exh. 10.)
- On February 20, 2014, Chase caused to be recorded a Notice of Trustee's Sale ("NOS2") with the San Diego County Recorder's Office as instrument number 2014-0068471. The NOS2 confirmed that the total amount of unpaid obligation was $340,351.14 as of February 18, 2014. (RJN Exh. 11.)
- On August 21, 2014, Chase caused to be recorded a Notice of Trustee's Sale ("NOS3") with the San Diego County Recorder's Office as instrument number 2014-0359619. The NOS3 confirmed that the total amount of unpaid obligation was $352,120.23 as of August 14, 2014. (RJN Exh. 12.)
- On November 3, 2014, Plaintiffs' counsel caused to be recorded a Notice of Lis Pendens providing record notice that the present matter had been filed and is pending. (RJN Exh. 19.)

Prior Action:

- On July 26, 2013, Plaintiff Issac Iskander initiated the Prior Action entitled *Issac Iskander vs. JP Morgan Chase, et al.*, Case No. 37-2013-00055036-CU-MC-CTL in the Superior Court of the State of California County of San Diego. (RJN

Exh. 13.) The complaint in the Prior Action alleged a single cause of action for "Termination of Obligation (CC § 1485)" in which Plaintiff Issac Iskander attempted to extinguish the debt underlying the DOT. (RJN Exh. 13.)

- On or about October 11, 2013, Plaintiff Issac Iskander filed a First Amended Complaint in the Prior Action. (RJN Exh. 14.)
- On or about November 15, 2013, Defendant filed a Demurrer to the First Amended Complaint in Plaintiff Issac Iskander's Prior Action. (RJN Exh. 15.)
- On May 2, 2014, the court sustained Defendant's Demurrer to the First Amended Complaint in the Prior Action without leave to amend. (RJN Exh. 16.) The court signed and entered an Order Sustaining Defendant's Demurrer and entered a Judgment of Dismissal in the Prior Action. (RJN Exh. 17–18.)

## III.

## STANDARD FOR A MOTION TO DISMISS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a claim for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009). However, "[t]hread-bare recitals of the element of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, quoting *Twombly*, 550 U.S. at 555. Nonetheless, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitle-ment to relief." *Id.* This determination is context specific, but "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

///

## IV.

## *RES JUDICATA* BARS THIS ENTIRE ACTION.

"[T]he doctrine of res judicata (or claim preclusion) 'bar(s) all grounds for recovery *which could have been asserted, whether they were or not, in a prior suit between the same parties* . . . on the same cause of action.'" *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting *Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980)) (emphasis added). "To establish res judicata, the claims must be the same, a final judgment on the merits must have been reached, and the parties must be in privity." *Greenlight Fin. Servs. v. Internet Brands, Inc.*, 2012 U.S. Dist. LEXIS 4696, at *7–8 (C.D. Cal. Jan. 13, 2012), citing *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).

In analyzing whether a cause of action in a new suit is different from that raised in an earlier suit, the Ninth Circuit considers a number of factors, including: "'(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.'" *Costantini*, 681 F.2d at 1201–02 (quoting *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980)). "The last of these criteria is the most important." *Id.*

Here, the rights and interests established in the judgment from the Prior Action would be impaired if Plaintiffs are allowed to proceed on their new action because in both actions, Plaintiffs are attempting to extinguish the same outstanding debt owed to Defendant. The Prior Action was dismissed and, judgment was entered against Plaintiff Issac Iskander based on allegations surrounding the same Loan and the same Subject Property. (RJN Exhs. 13–18.) In both actions, Plaintiffs are attempting to extinguish their obligation to pay the same outstanding debt. Defendant will present substantially the same evidence showing that a valid and enforceable lien continues to

///

encumber the Subject Property, and that Chase is authorized to collect payments thereunder. (*See* RJN Exh. 3 (DOT), 7 (Assignment of DOT).)

Indeed, in the Prior Action, although clothed in the guise of a different cause of action, Plaintiffs were also trying to quiet title to the Subject Property. Critically, the claim in the Prior Action and the quiet title claim asserted in the present action arise out of the same operative set of facts: that Plaintiffs allegedly should be relieved from their obligation to pay their outstanding debt under the Loan.

Accordingly, *res judicata* applies here and this entire action should be dismissed with prejudice.

## V.
## PLAINTIFFS' SOLE CLAIM FOR QUIET TITLE FAILS

To state a claim for quiet title, a plaintiff's complaint must be verified and contain: (1) a description of the property; (2) the title of the plaintiff and its basis; (3) the adverse claims to that title; (4) the date as of which the determination is sought; and (5) a prayer for relief of quiet title. Cal. Civ. Proc. Code § 761.020. In addition, a borrower cannot quiet title to a property without discharging any debt owed. *See Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974) (trustor is unable to quiet title "without discharging his debt. The cloud upon his title persists until the debt is paid.").

### A. PLAINTIFFS' COMPLAINT IS NOT VERIFIED.

As a preliminary matter, Plaintiffs' Complaint is not verified. Because a claim for quiet title may only proceed in a verified complaint, their claim must fail. Cal. Civ. Proc. Code § 761.020.

### B. PLAINTIFFS HAVE FAILED TO ALLEGE TENDER, AND THUS FAIL TO STATE A CLAIM FOR QUIET TITLE.

The tender rule applies to a quiet title action. *Kozhayev v. Am.'s Wholesale Lender*, 2010 U.S. Dist. LEXIS 77553, at *5 (E.D. Cal. Aug. 2, 2010); *see also Shimpones v. Stickney*, 219 Cal. 637, 649 (1934) ("It is settled in California that a

1  mortgagor cannot quiet his title against mortgagee without paying the debt secured.").
2  "[A] mere allegation that Plaintiff has offered to tender is insufficient." *Chavers v.*
3  *GMAC Mortg., LLC*, 2012 U.S. Dist. LEXIS 32053, at *4 (C.D. Cal. Mar. 9, 2012). "A
4  valid and viable tender means that it is made in good faith, the party making the tender
5  has the ability to perform, and the tender must be unconditional." *Alicea v. GE Money*
6  *Bank*, 2009 U.S. Dist. LEXIS 60813, at *8 (N.D. Cal. July 16, 2009).

7        Here, Plaintiffs claim that they are not required to tender the outstanding
8  debt because Chase has no interest in the Subject Property or Loan. (Compl. ¶¶ 13–14.)
9  The recorded and judicially noticeable documents conclusively establish that this is not
10  the case, however. (*See* RJN Exh. 3 (DOT), 7 (Assignment of DOT).)  Because
11  judicially noticeable documents conclusively show that Chase does in fact have an
12  unequivocal right to outstanding payments under the Loan and an interest in the Subject
13  Property, Plaintiffs cannot be excused from their tender obligation.  Plaintiffs' valid and
14  viable tender in good faith is crucial to the survival of their quiet title claim, and their
15  failure to make such tender renders their claim defective.  Thus, Plaintiffs' cause of
16  action for quiet title must fail, and the Motion to Dismiss should be granted without
17  leave to amend.

18      **C.**    **PLAINTIFFS FAIL TO ALLEGE AN ADVERSE INTEREST, AND**
19            **THUS THEIR CLAIM FAILS.**

20        Moreover, Plaintiffs' claim fails because Plaintiffs cannot allege an
21  adverse interest.  Plaintiffs' sole claim for quiet title is predicated on the allegations that
22  the Assignment of the DOT was defective, and thus no assignment in fact took place.
23  (Compl. ¶¶ 9–14.)  Specifically, Plaintiffs allege that the Assignment was "Null &
24  Void," and thus no interest could be transferred. (Compl. ¶¶ 12–14.)  Plaintiffs provide
25  two arguments why the Assignment was allegedly defective, both of which fail.
26  ///
27
28  ///

### 1. The "Note-Split-From The Deed" Theory Has Repeatedly Been Rejected.

Plaintiffs allege that the "[a]ssignment of a security instrument without a corresponding [a]ssignment of the relative [n]ote or obligation [a]greements renders the [a]ssignment 'Null' and 'Void.'" (Compl. ¶ 17.) However, this exact argument has been addressed and rejected by numerous courts in California. *See Castillo v. Wachovia Mortg.*, 2012 U.S. Dist. LEXIS 50926, at *19 (N.D. Cal. Apr. 11, 2012) ("Nor can Plaintiff maintain a claim based on any alleged securitization of the Note of separation of the Note from the Deed of Trust."); *Johnson v. Homecomings Fin.*, 2011 U.S. Dist. LEXIS 106216, at *18–19 (S.D. Cal. Sept. 20, 2011) (refusing to recognize the "discredited theory" that a deed of trust "'split' from the note through securitization, render[s] the note unenforceable"); *Unlu v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 141992 (N.D. Cal. Dec. 9, 2011) ("To the extent that Plaintiffs' proposed amended complaint would rely on claims regarding the securitization of the loan, via REMIC, into a mortgage-backed security, there is no merit to the contention that securitization renders the lender's loan in the property invalid"); *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("the argument that parties lose their interest in a loan when it is assigned to a trust pool has [] been rejected by many district courts"). The beneficial interest in the Loan was assigned to Chase. (RJN Exh. 7.) Plaintiffs' allegation that such assignment renders the NOD "Null and Void," is mistaken, and cannot form the basis of their quiet title claim. Accordingly, to the extent their quiet title claim is based on these allegations, such claim fails and must be dismissed with prejudice.

### 2. Plaintiffs Have Not Satisfied The Amount Outstanding Under The Loan.

Plaintiffs' second argument is based on the premise that the terms of the DOT were satisfied when the beneficial interest was assigned, and thus all interests in the Subject Property "by [o]peration of [l]aw was [] relinquished, lost and divested."

(Compl. ¶ 15.) This argument is nonsensical. The Assignment of the beneficial interest in the Loan and DOT does not relieve Plaintiffs of their prior commitment to repay the Loan. Indeed, the express provisions of the DOT provide that the Loan may be sold one or more times, and in no way indicates such transfer would result in satisfaction of Plaintiffs' obligations under the Loan. (RJN Exh. 3, DOT ¶ 20.) The sale and assignment of the interests is not a satisfaction of the Plaintiffs' outstanding debt, but rather a transfer of the right to service the loan, and/or collect loan payments. Indeed, as of August 14, 2014, Plaintiffs' estimated outstanding Loan balance still owed was $352,120.23. (RJN Exh. 12.) Plaintiffs' allegation that because the beneficial interest was assigned, the Assignment resulted in full satisfaction of Plaintiffs' debt must fail. Accordingly, to the extent Plaintiffs' quiet title claim is based on this allegation, such claim must fail.

## VI.

## CONCLUSION

For the foregoing reasons, Chase requests an order dismissing the entire Complaint with prejudice.

DATED: December 19, 2014

        **s/David D. Piper**
        **Kirstin Ericson Ellis**
        DAVID D. PIPER
        KIRSTIN ERICSON ELLIS
        KEESAL, YOUNG & LOGAN
        Attorneys for Defendant
        JPMORGAN CHASE BANK, N.A. as the acquirer of assets and certain liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver
        E-mail:  david.piper@kyl.com
                      kirstin.ericson@kyl.com

Case Name: Issac Iskander, et al. v. JPMorgan Chase Bank, N.A., et al., et al
Case No.: 3:14-cv-02941-CAB-BLM
KYL File No.: 7365-1661

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, Long Beach, California  90802.

On December 19, 2014, I served the foregoing documents described as **DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**Attorney for Plaintiffs:**
**Issac Iskander and Kathy Iskander**

Al West, Esq.
Law Offices: "West & Associates"
700 Pacific Coast Hwy, #201
Redondo Beach, CA 90277
Tel: 310-374-4141
Fax: 310-372-4137
E-mail:  westandassociates1@gmail.com

☑        BY OVERNIGHT DELIVERY:  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the above-named persons at the addresses exhibited therewith.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

Executed on December 19, 2014 at Long Beach, California.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
BLAKE WILSON